FRED J. AND BETTY D. MYER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myer v. Commissioner
Docket No. 2074-92
United States Tax Court
T.C. Memo 1994-490; 1994 Tax Ct. Memo LEXIS 502; 68 T.C.M. (CCH) 860; October 5, 1994, Filed *502 Decision will be entered for respondent. Fred J. and Betty D. Myer, pro se. For respondent: Carmino J. Santaniello, Jr.
COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Sec. Sec. Sec. Sec.
Year
Deficiency
6651(a)
6653(a)(1) 6653(a)(2) 6661
1984
$ 12,416
$ 3,406
$ 689
50% of the
$ 3,104
interest due
on $ 12,416
1985
8,309
2,707
555
50% of the
2,077
interest due
on $ 8,309
Sec. Sec. 6653(a)(1)(A)
6653(a)(1)(B)
1986
9,550
3,336
$ 688
50% of the
2,370
interest due
on $ 9,550
1987
6,081
2,060
424
50% of the
1,520
interest due
on $ 6,081
The issues for decision are whether petitioners had less income or more deductions than determined by respondent and whether petitioners are liable for the additions to tax as determined by respondent. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules *503 of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Bethlehem, Connecticut, at the time they filed their petition. During the years in issue, Fred J. Myer (petitioner) was in the business of transporting heavy equipment under the name Myer's Machine Service. Petitioners deposited the business receipts of Myer's Machine Service into a Citytrust bank account. The bank account was used for both business and personal purposes. Petitioners maintained no records reflecting the origin of the deposits into the bank account. Petitioner dealt in substantial amounts of cash during the years in issue, and he purchased business equipment and supplies for cash. Petitioner did not maintain adequate records of his business expenses during the years in issue. Similarly, petitioners did not maintain adequate records of any personal deductions to which they would be entitled during the years in issue. For each year in issue, petitioners applied for an automatic extension of time to file their returns. They did not properly estimate their tax or make payment *504 of any tax at the time that they applied for the extensions of time. Each return was mailed subsequent to the last date for filing the return under a valid automatic extension. Petitioners and respondent executed Forms 872, Consent to Extend the Time to Assess Tax, for each of the years in issue. Petitioners' execution of the Forms 872 extended to December 31, 1991, the time for assessments in regard to petitioners 1984, 1985, 1986, and 1987 Federal income tax returns. The statutory notice of deficiency for the years in issue was sent to petitioners on November 4, 1991. Respondent determined petitioners' gross income by analyzing petitioners' business bank accounts. Respondent made allowances for all nontaxable deposits identified by petitioners or by respondent's agents. Respondent also allowed all expenses that were substantiated by petitioners. OPINION Petitioners bear the burden of proving that respondent's determination is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioners presented no evidence at trial that the bank deposits analysis performed by respondent's agent did not correctly determine their gross receipts. *505 One of the adjustments made in the statutory notice was the reduction of allowable depreciation on a crane that was purchased in 1987. Petitioner testified that he paid $ 12,500 for the crane, but only $ 5,000 was allowed by respondent as petitioner's cost in computing depreciation. The evidence of actual amounts paid was confusing, contradictory, and insufficient to prove that petitioner paid more for the crane than $ 5,000. No further allowance may be made on this record. The evidence supports respondent's determinations as to each of the additions to tax. Section 6651(a) provides for an addition to tax for a timely return unless that failure is due to reasonable cause. Petitioners failed to estimate properly the tax due and make a payment with the applications for automatic extensions. Crocker v. Commissioner, 92 T.C. 899, 911 (1989); sec. 1.6081-4(a)(4), Income Tax Regs. In any event, petitioners' returns for each year were filed late, even assuming valid extensions to August 15 for each year. They have not argued or proven that they had reasonable cause for failing to file timely returns. Petitioner admitted that he failed to keep records *506 of his business receipts and expenditures. He indicated that he tried "to pay a fair amount" of taxes, but he made inconsistent statements to the auditing agent about how his reported income was determined. The resulting underpayments are due to negligence, and the additions to tax under section 6653(a) must be sustained. Section 6661(a) provides for an addition to tax if there is a substantial understatement of income tax. For purposes of section 6661, there is a substantial understatement if the amount of the understatement exceeds 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1). Petitioners have failed to negate respondent's determination that they understated their income tax on the returns for the years in issue by the statutory amounts. They are liable for the additions to tax under section 6661. Because petitioners failed to file a brief as directed by the Court, we do not know what their arguments in this case are. At trial, petitioner merely complained about the length of time taken to complete the audit, turnover in auditing agents, and a personality conflict with one of the agents. Petitioner's predicament, however, is due *507 to his own manner of doing business without keeping records and his failure to take advantage of the guidance offered to him by the examining agents, respondent's counsel, and the Court. On consideration of the entire record, Decision will be entered for respondent.